UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,

v.

Janeice Minique Burrell,

        Defendant.

_____/

Case No. 21-cr-20393-1

Judith E. Levy
United States District Judge

Mag. Judge Kimberly G. Altman

**ORDER DENYING DEFENDANT'S MOTION FOR RESTITUTION PAYMENTS TO START POST-INCARCERATION [330]**

Before the Court is a letter from Defendant Janeice Minique Burrell. (ECF No. 330.) The Court construes the letter as a *pro se* motion for restitution payments to start post-incarceration. The government responded. (ECF No. 338.) For the reasons set forth below, Defendant's motion is denied.

Defendant pled guilty to one count of conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h). (ECF

No. 189.) Defendant was sentenced to 40 months' imprisonment on each count to run concurrently, to be followed by a two-year term of supervised release on each count to run concurrently. (ECF No. 295, PageID.5545–5547.) In addition, Defendant was ordered to pay $250,000.00 in restitution due immediately to the United States Department of Health and Human Services Medicare Trust Fund. (*Id.* at PageID.5550.) In light of that restitution, Defendant was ordered to participate in the Inmate Financial Responsibility Program (IFRP). The judgment contains the following instructions: "Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court." (*Id.* at PageID.5551.) The government confirms in its response that Defendant "is participating in the IFRP." (ECF No. 338, PageID.6152.)

> In her motion, Defendant states:
>
> I, Janeice Burrell, respectfully request the Honorable Court to amend my JNC. The court did not place any stipulation on the judgement and JNC. I am asking the court to review JNC and stipulate restitution payments to start post

2

incarceration. I am currently incarcerated at Alderson Federal Prison Camp, in Alderson, WV, which is not a Unicor Institution. I started my incarceration with approximately $850 on my account to last for the duration of my incarceration. I currently pay $66 quarterly which I can't afford at this time. Unfortunately, during my incarceration any restitution payment will cause financial hardship to not only myself but to my family as well. Therefore, I ask that the Honorable Court order the payments to start post incarceration. Thank you for your time and consideration.

(ECF No. 330, PageID.6045.)

"A district court's power to revisit a sentence once imposed is extremely limited." *United States v. May*, 500 F. App'x 458, 460 (6th Cir. 2012). Here, Defendant does not identify a basis for the Court to amend the judgment and grant the relief she seeks.

Section 3664(o) provides that

[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—

(1) such a sentence can subsequently be—

(A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title;

(B) appealed and modified under section 3742;

(C) amended under subsection (d)(5); or

3

>   (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o). Defendant does not argue that the sentence should be corrected under § 3664(o)(1)(A). Nor does she demonstrate that the sentence can be "modified," "amended," or "adjusted" under the remaining subsections of § 3664(o)(1) or that she "may be resentenced" under § 3664(o)(2). 18 U.S.C. § 3664(o)(1)(B)–(D), (2). Based on its own review of these provisions, the Court finds that they do not apply.[1] As a result, § 3664(o) does not provide grounds for the Court to grant

---

[1] In its response, the government discusses one of the provisions referenced above in § 3664(o)(1)(D): 18 U.S.C. § 3664(k). (ECF No. 338, PageID.6152–6153.) Section 3664(k) states that upon receiving a notification "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the court "may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." 18 U.S.C. § 3664(k). In this case, the Court did not set a payment schedule. It therefore appears that § 3664(k) does not apply. *See United States v. Allen*, No. 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021) ("[T]he Court cannot modify a defendant's [payment] schedule [under § 3664(k)] when it did not set one in the first instance, as is the case here." (citing *United States v. Holley*, No. 19-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020))); *see Holley*, 2020 WL 2316052, at *2 ("The district court did not abuse its discretion when it denied [the defendant's] motion for modification of her restitution" based on a change in economic circumstances "because, as the district court correctly noted, it did not set a restitution payment schedule."). To the extent § 3664(k) could apply, Defendant does not identify a material change in her economic circumstances that affects her ability to make restitution payments. *See* 18 U.S.C. § 3664(k). Thus, relief under § 3664(k) is not warranted.

4

Defendant's motion. Therefore, Defendant's motion is denied.[2] *See United States v. Allen*, No. 14-20191, 2021 WL 2102601, at *2 (E.D. Mich. May 25, 2021) (denying the defendant's motion requesting postponement of restitution payments in a case in which "[n]one of the[ ] exceptions [in § 3664(o)(1)(A)–(D), (2)] appl[ied]").

As the government notes, a different court in this district denied a similar request made by a defendant in a criminal case. (ECF No. 338, PageID.6154; *see* ECF No. 338-1.) The defendant in that case—who, like the Defendant in this case, was incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia—asked the court to suspend

---

[2] In her motion, Defendant asks that the Court modify the judgment so that restitution payments begin post-incarceration. (ECF No. 330, PageID.6045.) She does not ask the Court to modify the IFRP's payment schedule. But to the extent the requested relief requires the Court to alter the payment schedule set by the IFRP, Defendant does not demonstrate that the Court can do so. Moreover, the Sixth Circuit has stated that there is a "complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject matter jurisdiction to micromanage the IFRP for the Bureau of Prisons." *United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004). Based on this language from *Callan*, a court in this district determined that it "lack[ed] subject matter jurisdiction to direct the BOP to adjust [a d]efendant's payments." *Allen*, 2021 WL 2102601, at *2; *see United States v. Bivins*, No. 10-cr-20397, 2019 WL 11593066, at *1 (E.D. Mich. Feb. 1, 2019) ("[I]t is not clear that this Court has the authority to delegate a different payment schedule for [the defendant] while he is participating in the IFRP." (citing *Callan*, 96 F. App'x at 301)). Defendant does not show otherwise. As a result, Defendant does not establish that the Court has the authority to modify the IFRP's payment schedule—to the extent her motion involves a request for the Court to make such a modification.

restitution payments under the IFRP until her release from prison. (*United States of America v. Richardson-Brown*, Case No. 21-cr-20601, ECF No. 52, PageID.269.) The defendant stated that the payments "ha[d] become too burdensome for her and her family." (*Id.* (internal citation omitted).) The court denied the defendant's request to suspend her IFRP payments as follows:

> [T]his is not the proper venue for the relief [the defendant] seeks. The IFRP is administered by the BOP [Bureau of Prisons]. Thus, as several Circuits have found, [the defendant's] challenge to the fine-payment schedule under the IFRP must be brought as a habeas corpus petition under 28 U.S.C. § 2241 in the district where [the defendant] is incarcerated, after all administrative remedies have been exhausted. *See United States v. Diggs*, 578 F.3d 318, 319–320 (5th Cir. 2009) (finding challenges to BOP-administered programs, including IFRP, must be made through a § 2241 petition); *see also Ihmoud v. Jett*, 272 F. App'x 525 (7th Cir. 2008) ("The IFRP is a means of executing an inmate's sentence, and thus complaints about the BOP's administration of the program are cognizable under 28 U.S.C. § 2241."); *Matheny v. Morrison*, 307 F.3d 709, 712 (8th Cir. 2002) (holding that prisoners' challenges against an "IFRP payment schedule" are "correctly framed as § 2241 claims brought in the district where the sentence is being carried out").
>
> [The defendant] is presently incarcerated at Federal Prison Camp Alderson in Alderson, West Virginia. . . . Thus, she

6

must file any § 2241 petition in the United States District Court for the Southern District of West Virginia.

(*Id.* at PageID.269–270.) *See Fontanez v. O'Brien*, 807 F.3d 84, 87 (4th Cir. 2015) ("hold[ing] that an inmate's challenge to the BOP's administration of the IFRP is a challenge to the 'execution' of a sentence that is cognizable under 28 U.S.C. § 2241"); *United States v. Hawk*, No. 2:20-CR-114, 2022 WL 17086386, at *2 (E.D. Tenn. Oct. 25, 2022) ("Various courts have treated challenges to IFRPs as habeas claims." (citing *Wisdom v. United States*, No. 14-20359, 2017 WL 3334036, at *5 (E.D. Mich. Aug. 3, 2017); *Price v. Marberry*, No. Civ. 04-CV-74953-DT, 2005 WL 1342956, at *2 (E.D. Mich. May 18, 2005); *Matheny*, 307 F.3d at 711–12), *report and recommendation adopted*, No. 2:20-CR-00114-DCLC-CRW, 2022 WL 17084609 (E.D. Tenn. Nov. 18, 2022). The same analysis applies here. Defendant's motion is therefore denied for the reasons articulated above.[3]

---

[3] The Court notes that Defendant has already initiated a habeas case under § 2241 in the United States District Court for the Southern District of West Virginia. *See Burrell v. Warden*, Case No. 1:24-cv-00646 (S.D. W. Va.). The case involves her restitution payments while incarcerated. The initial document was filed in that case on November 12, 2024 (ECF No. 1)—after the government submitted its response in this case.

7

Accordingly, Defendant's motion for restitution payments to start post-incarceration (ECF No. 330) is DENIED.

IT IS SO ORDERED.

Dated: April 21, 2025　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2025.

　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　Case Manager